NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2256
_____

STEPHANIE MCINTOSH-LUIS,

Appellant

v.

GOVERNOR OF THE VIRGIN ISLANDS;
GOVERNMENT OF THE VIRGIN ISLANDS
DEPARTMENT OF JUSTICE
_____

On Appeal from the District Court
of the Virgin Islands
District Court  No. 1-09-cv-00022
United States District Judge: The Honorable Donetta W. Ambrose

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 3, 2012

Before: SMITH, HARDIMAN, and ROTH, *Circuit Judges*

(Filed: December 13, 2012)
_____

OPINION
_____

SMITH, *Circuit Judge.*

In May of 2009, Stephanie McIntosh-Luis, former Assistant Director of Operations under then-Governor Charles Turnbull at the United States Virgin Islands Department of Justice, filed a complaint in the District Court of the Virgin Islands against Governor John P. DeJongh, Jr., and the Government of the United States Virgin Islands Department of Justice (collectively "Government"). She alleged that Governor DeJongh terminated her employment on April 24, 2007, because of her political support for his opponent. This action, McIntosh-Luis claimed, violated her rights under the First and Fourteenth Amendments and constituted a breach of the contract set forth in the Government's Personnel Rules and Regulations. After discovery closed, the Government successfully moved for summary judgment. This timely appeal followed.[1]

McIntosh-Luis contends that the District Court erred by granting summary judgment on each of her claims. We are not persuaded.

To survive summary judgment on her due process claim, McIntosh-Luis had to establish that she had a property interest in continued employment. Consistent with our decision in *Iles v. DeJongh*, 638 F.3d 169, 174 (3d Cir. 2011), McIntosh-Luis could establish that she had a property interest in continued employment if she qualified as a "regular" employee terminable only for cause. "To be a 'regular'

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, as well as 48 U.S.C. § 1612(a). Appellate jurisdiction exists under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009).

2

employee and thus gain a property interest in employment, an employee must have been 'appointed to a position'" in the career service in accordance with the Personnel Merit System. *Id.* at 175-76. The evidence adduced, as the District Court properly noted, failed to establish that she was hired based on "merit and fitness" as required by the Personnel Merit System. *Id.* at 176. In the absence of a property interest in continued employment, the District Court did not err by granting summary judgment on McIntosh-Luis's due process claim.

McIntosh-Luis also claims the District Court erred in granting summary judgment on her claim for First Amendment political retaliation. She does not, however, address the District Court's primary reason for denying that claim: she presented no evidence demonstrating a causal link between her political involvement and her termination. *See Smith v. City of Allentown*, 589 F.3d 684, 692-93 (3d Cir. 2009). Because McIntosh failed to present essential evidence of causation, the District Court did not err in granting summary judgment against her on her First Amendment claim.

Finally, McIntosh-Luis contends that the District Court erred in granting summary judgment for the Government on her breach of contract claim because she was terminated without cause. This argument differs from the theory advanced in the District Court. "We generally refuse to consider issues that are raised for the first time on appeal." *Newark Morning Ledger Co. v. United States*, 539 F.2d 929,

932 (3d Cir. 1976). Nonetheless, we conclude that the argument lacks merit as McIntosh-Luis failed to demonstrate that she was a "regular" employee terminable only for cause.

Accordingly, we will affirm the judgment of the District Court.